**BAYRAMOGLU LAW OFFICES LLC**
Gokalp Bayramoglu (SBN 268222)
gokalp@bayramoglu-legal.com
Afshin M. Zamanpour (SBN 349497)
afshin@bayramoglu-legal.com
Nihat Deniz Bayramoglu (CA Bar 294922)
deniz@bayramoglu-legal.com
1540 West Warm Springs Road Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973 |Fax: (702) 553-3404
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNAN WEIYANG TECHNOLOGY CO. LTD, <br><br> *Plaintiff,* <br><br> v. <br><br><br> DBEST PRODUCTS INC., <br><br> *Defendant*, | Case No. 2:26-cv-08694 <br><br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY** <br><br><br><br> **DEMAND FOR JURY TRIAL** |

Hunan Weiyang Technology Co., Ltd. ("Plaintiff"), through its attorneys Bayramoglu Law Offices LLC, hereby complains and alleges against Dbest Products Inc. ("Defendant") as follows:

### I.    NATURE OF THE ACTION

1.    This is an action arising under the Declaratory Judgment Act and patent laws of the United States seeking a declaratory judgment of non-infringement and invalidity of United States Patent No. 9,392,766 (the "'766 Patent" or "Asserted

1

Patent"). The '766 Patent was filed on October 17, 2014, and claims priority to provisional application No. 61/893,259, filed on October 20, 2013. The '766 Patent is thus governed by the Leahy-Smith America Invents Act (AIA).

2. This is also an action under the Declaratory Judgment Act seeking a declaration that Plaintiff's products do not infringe the Asserted Patent. Plaintiff further seeks a declaration that Defendant's Asserted Patent is invalid.

## II.   JURISDICTION AND VENUE

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and the patent laws of the United States, 35 U.S.C. § 1 et seq.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. Personal jurisdiction over Defendant is proper in this judicial district because Defendant is a California corporation with its principal place of business at 16506 South Avalon Boulevard, Carson, California 90746.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this judicial district, has its principal place of business in this judicial district, and has directed its business, licensing, and enforcement activities in this judicial district, and a substantial part of the events giving rise to the claims occurred in this judicial district.

## III.   PARTIES

7. Plaintiff is a limited company organized under the laws of China with its principal place of business in Hunan, China.

8. Upon information and belief, Defendant is a California corporation with a principal place of business at 16506 South Avalon Boulevard, Carson, California 90746.

COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT AND INVALIDITY

CASE NO.

## IV. FACTUAL ALLEGATIONS

9. Upon information and belief, Defendant owns all right, title, and interest in the '766 Patent entitled "Portable Pet Carrier to Transport a Pet From One Location to Another and Retain the Pet in the Carrier While Traveling." A true and correct copy of the '766 Patent is attached hereto as **Exhibit 1**.

10. Plaintiff manufactures a wide array of pet carriers including the products delisted by Amazon (the "Non-infringing Products"). The Non-infringing Products delisted by Amazon are identified in **Exhibit 2** attached hereto.

11. Plaintiff and Defendant are direct competitors in that both companies hold patent rights, including the exclusive rights to license, manufacture, and sell certain pet carriers, as reflected in Plaintiff's allowed Patent Application No. 19/568,722 and Defendant's Asserted Patent.

## V. EXISTENCE OF AN ACTUAL CONTROVERSY

12. There is an actual controversy between Plaintiff and Defendant within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

13. On or about December 19, 2025, Defendant submitted a first complaint to Amazon.com alleging that certain of Plaintiff's products infringe the claims of the Asserted Patent. This resulted in those products being delisted by Amazon.com.

14. In response to that complaint, Plaintiff attempted to negotiate a settlement with Defendant through a third party in order to continue selling the delisted Non-infringing Products on Amazon.com; however, Defendant demanded an exorbitant licensing fee that could not be accepted by Plaintiff. This statement is admissible under Federal Rule of Evidence 408 because it is not offered as an admission of liability, but to demonstrate the scope of relief sought by Defendant. *See Rhoades v. Avon Products, Inc.,* 504 F.3d 1151 (9th Cir. 2007).

3

COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT AND INVALIDITY                    CASE NO.

15. After settlement negotiations with Defendant failed, Plaintiff independently redesigned its products so that they differed materially from the products accused in Defendant's December 19, 2025 Amazon complaint.

16. On March 16, 2026, Plaintiff filed a utility patent application (Application No. 19/568,722) with the United States Patent and Trademark Office ("USPTO") directed to its redesigned Non-infringing Products. On May 26, 2026, the USPTO determined that Plaintiff's Application No. 19/568,722 was allowable.

17. Plaintiff listed its redesigned Non-infringing Products for sale through its Weiyang Pet store on Amazon.com. Defendant subsequently filed a complaint with Amazon.com on June 26, 2026, citing the Asserted Patent, resulting in the newly designed Non-infringing Products being delisted by Amazon.com. The Non-infringing Products delisted by Amazon.com due to Defendant's complaints to Amazon include Amazon Standard Identification Numbers ("ASINs") B0G91BLGXD, B0G91LBJHV, B0G91JB7ZR, B0G92L9F6Z, B0G938ZMQ6, B0G8ZX7N39, B0G92BMMS8, B0CR9Z9KTQ, B0B9ZMWHH7, B0CMQ7ZH3C, B0D7VVG6BS, and B0DM16FMYV. These ASINs were suspended due to several unsupported complaints submitted between December 19, 2025, and June 26, 2026. Amazon also destroyed inventory associated with other ASINs under which Plaintiff sold its products. Plaintiff has suffered, and continues to suffer, immediate and irreparable harm due to Plaintiff's inability to advertise and sell the Non-infringing Products, loss of goodwill, loss of consumer relationships, continuing marketplace exclusion, and reputational harm. Plaintiff's damages are not presently quantifiable.

18. Defendant knew or should have known that the Non-infringing Products delisted by Amazon.com in response to Defendant's complaints do not infringe the Asserted Patent. Plaintiff's redesigned products were developed specifically to design around the claims of Defendant's Asserted Patent. Defendant nevertheless filed

4

COMPLAINT FOR DECLARATORY JUDGMENT OF                    CASE NO.
PATENT NON-INFRINGEMENT AND INVALIDITY

complaints with Amazon despite Plaintiff's redesign of the Non-infringing Products that is the subject of Plaintiff's own Patent Application No. 19/568,722 that the USPTO has determined is allowable. Defendant improperly relied on the Asserted Patent to interfere with competition through objectively baseless claims. Defendant acted in bad faith by using Amazon's complaint process not to enforce legitimate patent rights, but to eliminate a competitor from the marketplace.

19.   Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's pet carrier products, specifically the Non-infringing Products, infringe the Asserted Patent.

20.   Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether the Asserted Patent is valid and enforceable.

21.   Absent a declaration of non-infringement or invalidity, Defendant will continue to wrongfully allege that Plaintiff's pet carrier products, including the Non-infringing Products, infringe the Asserted Patent, and thereby cause Plaintiff irreparable injury and damage.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of the '766 Patent)

22.   Plaintiff repeats and realleges each of the allegations of the foregoing paragraphs 1-21 of this Complaint as if fully set forth herein.

23.   As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

24.   A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding its pet carrier products, including the Non-infringing Products, and the '766 Patent.

COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT AND INVALIDITY

CASE NO.

25. Although the Non-infringing Products do not infringe any of the claims of the Asserted Patent, Plaintiff more specifically pleads that not all of the elements of independent claims 1, 2, and 10 are found in the Non-infringing Products either literally or under the doctrine of equivalents. By way of example, the Non-infringing Products do not meet at least the following elements of the independent claims of the Asserted Patent: "the pet transport carrier contains a strap having a pair of hook and/or loop strips on opposite sides of the strap so that the strap is rotated around the bottom of the flat base platform and fastened together under the flat base platform to removably retain the pet transport carrier onto the flat base platform," and "the pet transport carrier is foldable to be flat against the flat base platform with the strap and its hook and loop fasteners wrapped around the folded pet transport carrier and flat base platform and fastened with the strap's mating hook and loop fasteners so that the entire assembly is very flat and folds to less than four inches in width when in the unused condition to facilitate convenient storage." Defendant's infringement theory concerning the Non-infringing Products is objectively meritless, as these and other elements of the claims are not met by the Non-infringing Products when applying the ordinary and customary meaning of the claim terms. Plaintiff retains the right to amend its non-infringement contentions and claim construction as necessary in this case.

26. Absent a declaration of non-infringement, Defendant will continue to wrongfully assert the '766 Patent against Plaintiff and continue to cause injury and damage to Plaintiff.

27. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiff requests a judicial determination and declaration that it has not infringed and does not infringe, directly, contributorily, or by inducement, any valid and enforceable claim of the '766 Patent under 35 U.S.C. § 271.

6

COMPLAINT FOR DECLARATORY JUDGMENT OF                    CASE NO.
PATENT NON-INFRINGEMENT AND INVALIDITY

28.   Plaintiff is entitled under 28 U.S.C. § 2202 to further necessary and proper relief, including but not limited to monetary compensation for damages sustained in an amount to be proven at trial. Plaintiff is further entitled under 28 U.S.C. § 2202 to an injunction against Defendant preventing Defendant from making further attempts to remove the Non-infringing Products from Amazon or otherwise block the importation, sale, or offer of sale of the Non-infringing Products.

## COUNT TWO

### (Declaratory Judgment of Invalidity of the '766 Patent)

29.   Plaintiff repeats and realleges each of the allegations of the foregoing paragraphs 1-28 of this Complaint as if fully set forth herein.

30.   As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the '766 Patent is invalid.

31.   A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the validity of the '766 Patent.

32.   Absent a declaration of invalidity of the claims of the '766 Patent, Defendant will continue to wrongfully assert the '766 Patent against Plaintiff and continue to cause injury and damage to Plaintiff.

33.   Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiff requests a judicial determination and declaration that the claims of the '766 Patent are invalid for failure to comply with one or more of the statutory requirements for patentability set forth in Title 35, United States Code, including at least Sections 102, 103, and/or 112.

34.   The claims of the '766 Patent were known or used by others in this country, or patented or described in a printed publication in this or a foreign country before the effective filing date of the claimed invention of the '766 Patent, including,

7

COMPLAINT FOR DECLARATORY JUDGMENT OF                    CASE NO.
PATENT NON-INFRINGEMENT AND INVALIDITY

without limitation, the following patents and patent publications: US 6,896,272 B1, US 7,303,198 B2, US 2009/0241300 A1, US 5,669,331, US 2009/0205578, CN 2614440Y, CN 202285817U, CN 202335507U, US 6,021,740, US 6,076,485, US 7,617,797, US 8,579,305, US 2007/0102253, US 2010/0000472, US 2011/0197822. A person of ordinary skill in the art would understand that each of these prior art references, alone or in combination, discloses each and every element of the claims of the '766 Patent because they address a portable pet carrier with transportability. The combination would merely apply known carrier features to a similar device according to their established functions, with a reasonable expectation of success.

35.   All features disclosed in the '766 Patent were known in the pet-carrier and related industries before the priority date of the '766 Patent, including but not limited to a pet transport carrier combination, comprising: (a) flat base platform which has four wheels including two spaced apart rear wheels which are heavy duty luggage wheels that rotate in a straight direction and two spaced apart front wheels which are rotating wheels so that the flat base platform is rotatable in any direction (US 6,896,272 B1, US2009/0205578, US 7,303,198 B2, CN2614440Y, US6,021,740); (b) handle attached to telescoping sections with one telescoping section connected to the flat base platform by a rotation mechanism to enable the telescoping handle to be rotated to a 45 degree angle relative to the flat base platform so that a pet transport carrier is removably attached to the flat base platform and retained in a horizontal orientation relative to the ground while the flat base platform is rolled on the ground to transport the pet transport carrier from one location to another, the telescoping handle is foldable and rotatable to be horizontally aligned with an underside of the flat base platform and then rotated so that it is retained under the flat base platform when in storage (including but not limited to US 6,896,272 B1, US 2009/0205578, US 2009/0241300 A1,

COMPLAINT FOR DECLARATORY JUDGMENT OF                    CASE NO.
PATENT NON-INFRINGEMENT AND INVALIDITY

CN202335507U, CN2614440Y, CN202285817U, US6,021,740, US6,076,485, US7,617,797); and (c) the pet transport carrier contains a strap having a pair of hook and/or loop strips on opposite sides of the strap so that the strap is rotated around the bottom of the flat base platform and fastened together under the flat base platform to removably retain the pet transport carrier onto the flat base platform, in addition, the pet transport carrier has a pair of spaced apart hook or loop fasteners on its bottom surface and an upper surface of the flat base platform has a mating pair of spaced apart hook or loop fasteners which mate with a respective hook or loop fastener on the underside of the pet transport carrier to further removably retain the pet transport carrier onto the flat base platform (US 2009/0241300 A1, CN2614440Y, CN202335507U).

36. The subject matter of the claims of the '766 Patent would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art.

37. The claims of the '766 Patent do not inform, with reasonable certainty, those skilled in the art about the scope of the invention. A person of ordinary skill in the art would not understand what is claimed by the '766 Patent when the claims are read in light of the specification of the '766 Patent. For example, and not by way of limiting other deficiencies, in claims 1, 10, and 11, the term "heavy duty" is a relative term of degree without an objective boundary or standard for measurement; the term "rotate in a straight direction" is unclear because wheels rotate about an axis rather than "in a direction"; the term "rotating wheels" is indefinite because all wheels inherently rotate during use; the term "rotation mechanism" is purely functional and fails to recite sufficient structure; the phrase "to enable… rotated to a 45 degree angle" is unclear as to whether the handle must be fixed at 45°, capable of reaching 45°, or merely pass through that angle; the term "very flat" is a subjective

COMPLAINT FOR DECLARATORY JUDGMENT OF                CASE NO.
PATENT NON-INFRINGEMENT AND INVALIDITY

term of degree without any objective standard or boundary; the phrase "less than four inches in width" is unclear because it does not specify the direction or dimension being measured; the phrase "when in the unused condition" introduces a use-based limitation without clearly defining the corresponding structural configuration. Accordingly, the claims of the '766 Patent are indefinite under 35 U.S.C. § 112.

38.    Plaintiff is entitled to a declaratory judgment that the claims of the '766 Patent are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.    Declaring that Plaintiff and its pet carrier products, including the Non-infringing Products, have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of the '766 Patent under 35 U.S.C. § 271;

2.    Declaring that the claims of the '766 Patent are invalid;

3.    A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff infringes any claims of the '766 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '766 Patent against Plaintiff or any customers, manufacturers, users, importers, or sellers of Plaintiff's Non-infringing Products;

4.    A judgment that Plaintiff be awarded further necessary and proper relief, including but not limited to monetary compensation for damages sustained in an amount proven at trial, under 28 U.S.C § 2202.

5.    Declaring Plaintiff as the prevailing party, finding this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

COMPLAINT FOR DECLARATORY JUDGMENT OF                    CASE NO.
PATENT NON-INFRINGEMENT AND INVALIDITY

6.     That Defendant be ordered to pay all attorneys' fees, expenses, and costs associated with this action as authorized by statute, code, rule, or as otherwise authorized; and

7.     Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 6th day of August 2026.

Respectfully submitted,

/s/*Gokalp Bayramoglu*
Gokalp Bayramoglu (CABar No. 268222)
Mehdi Zamanpour (SBN 349497)
Nihat Deniz Bayramoglu (CA Bar 294922)
**Bayramoglu Law Offices LLC**
1540 West Warm Springs Road Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973 | Fax: (702) 553-3404
gokalp@bayramoglu-legal.com
afshin@bayramoglu-legal.com
deniz@bayramoglu-legal.com

*Attorneys for Plaintiff*

11

COMPLAINT FOR DECLARATORY JUDGMENT OF              CASE NO.
PATENT NON-INFRINGEMENT AND INVALIDITY

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August 2026, I electronically filed the foregoing document with the clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ *Gokalp Bayramoglu*
Gokalp Bayramoglu
Bayramoglu Law Offices, LLC

12

COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT AND INVALIDITY

CASE NO.